IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LHF PRODUCTIONS, INC.,**<br><br>    *Plaintiff*,<br><br>  v.<br><br>**DOES 1–27,**<br><br>    *Defendants.* | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:16-cv-01262-DN-DBP**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 15). Plaintiff LHF Productions ("LHF") brings a single claim for copyright infringement alleging that each Defendant downloaded LHF's copyrighted motion picture, *London Has Fallen*. *See* (ECF No. 2). The case is now before the court on Defendant Alan Carroll's Motion to Dismiss. (ECF No. 39). The court decides the motion on the parties' briefs, without oral argument.

## LEGAL STANDARD

Mr. Carroll does not identify any legal standard governing his motion, nor does he cite to any particular rule on which he relies for dismissal.[1] The court construes Mr. Carroll's motion liberally and concludes, as did LHF, that he seeks dismissal pursuant to Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[1] Mr. Carroll cites to Rule 7(c)(1) of the Utah Rules of Civil Procedure. In the future, he should cite to the Federal Rules of Civil Procedure. Nonetheless, the Utah Rule cited discusses only general requirements for motions; it does not govern motions to dismiss.

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Finally, while pro se filings must be construed liberally, a court must avoid acting as an advocate for a pro se litigant. *Hall* at 1110.

## ANALYSIS

### I.  Parties' arguments

Mr. Carroll contends the claim against him should be dismissed because LHF lacks proof that Mr. Carroll, rather than someone else in his household, downloaded LHF's copyrighted motion picture. (ECF No. 39). Also, Mr. Carroll contends he cannot be held liable for copyright infringement "when the copyright holder made the copyrighted material available to me or someone else with torrent software." (*Id.*)

LHF contends Mr. Carroll's motion should be denied because it is untimely and because LHF's claim is properly pled. (ECF No. 40). LHF also contends the facts it has discovered to date tend to support its claims and that Mr. Carroll's arguments raise factual disputes that are not appropriate when the court considers a motion to dismiss.

### II.  The undersigned recommends the District Court deny Mr. Carroll's motion because he has provides no proper basis on which to dismiss LHF's claim

Mr. Carroll provides no basis on which the court may dismiss the claim against him. As stated above, a motion to dismiss challenges the adequacy of allegations in a pleading. "[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the

factual allegations contained in the complaint.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). The factual allegations must state a "plausible" claim for relief. *Ashcroft* at 678. Mr. Carroll does not attempt to identify any deficiency in the pleadings. Instead, he speaks in terms of alternative facts that "could have" occurred that might limit his liability. Thus, his motion to dismiss fails. Mr. Carroll may present facts to dispute the allegations in Plaintiff's Complaint at the appropriate time, but he may not do so in the context of a motion to dismiss.[2]

## RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the District Court **DENY** Mr. Carroll's Motion to Dismiss. (ECF No. 39).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 23rd day of May 2018.   By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] Based on the court's recommendation regarding the merits of Mr. Carroll's motion, the court finds it need not consider whether the motion was filed timely.